```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

CARL CAVINESS,

        Plaintiff,        Civil No. 14-07068 (JEI/KMW)

v.

ARAMARK CORRECTIONAL
SERVICES, LLC, and JOHN DOE,

                               **OPINION**

        Defendants.

**APPEARANCES:**

LAW OFFICE OF GERALD F. MIKSIS
By: Gerald F. Miksis, Esq.
1125 Atlantic Avenue, Suite 647
Atlantic City, New Jersey 08401
        Counsel for Plaintiff

MORGAN, LEWIS & BOCKIUS LLP
By: James P. Walsh, Jr., Esq.
    Nitin Sharma, Esq.
502 Carnegie Center
Princeton, New Jersey 08540
        Counsel for Defendant

**IRENAS,** Senior United States District Judge:

    In this diversity action, Plaintiff Carl Caviness alleges race and age discrimination by his employer Aramark Correctional Services (Aramark) in violation of New Jersey's Law Against Discrimination ("NJLAD"). Aramark presently moves to dismiss Caviness's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be

1

granted. For the reasons stated herein, Aramark's motion will be **GRANTED**.

## I.

Plaintiff filed his initial Complaint in Atlantic County Superior Court on September 25, 2014 and Defendant then removed to this Court. Plaintiff's Complaint alleges the following facts:

Caviness, an African American man over the age of forty, worked as a supervisor in the food service division at Aramark's Atlantic County Justice Facility in Mays Landing, New Jersey. (Compl. ¶¶ 1-2). From January 2013 to July 2013, Aramark reduced Caviness's work hours from forty hours per week to twenty-eight hours per week. (Id. at ¶ 4). Caviness claims his reduced hours were "the result of direct discrimination against plaintiff as a result of a status of an African American over the age of 40." (Id. at ¶ 5).

Aramark moved to dismiss Plaintiff's initial Complaint on November 20, 2014 for failure to state a claim. (Docket No. 3) Caviness subsequently amended his Complaint by adding only a reference to N.J.S.A. 10:5-12, the NJLAD provision regarding discriminatory employment practices, as the particular statute

Defendant violated.[1]  (Am. Compl. ¶ 5).  The relevant paragraph now states that the reduction of Caviness's hours was "the result of direct discrimination against plaintiff as a result of a status of an African American over the age of 40, violation of N.J.S.A. 10:5-2 [sic]."  (Id.)  Caviness added no new facts to support his claim.

Aramark filed the instant motion to dismiss Caviness's Amended Complaint on December 10, 2014.

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that make a right to relief more than speculative.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  A court must accept all allegations in the plaintiff's complaint as true, viewing them in the light most favorable to the plaintiff, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), but a court is not required to accept sweeping legal conclusions cast as factual allegations.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The pleadings

---

[1] In its initial motion to dismiss, Aramark commented that Plaintiff's Complaint did not identify the statute under which Plaintiff seeks relief.

3

must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

As Caviness makes clear in his Amended Complaint, he brings this action pursuant to the NJLAD, particularly N.J.S.A. 10:5-12. The NJLAD makes it unlawful for an employer "because of the race . . . [or] age . . . of any individual . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.J.S.A. 10:5-12.

When assessing NJLAD employment discrimination claims, New Jersey courts have adopted the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Viscik v. Fowler Equip. Co.*, 173 N.J. 1, 13-14 (2002). Under that framework, in order to prove a *prima facie* of employment discrimination, a plaintiff must show (1) he belongs to a protected class, (2) he was qualified for the position at issue, (3) he was subject to an adverse employment action, and (4) under circumstances that raise an inference of

4

discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

However, an employment discrimination plaintiff need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). A plaintiff need only "plead facts sufficient to meet the standard of Fed. R. Civ. P. 8(a)." *DiTommaso v. Meds. Co.*, 754 F. Supp. 2d 702, 705 (D.N.J. 2010). Still, in line with Rule 8(a), *Twombly*, and *Iqbal*, a plaintiff must plead facts that would make his case under the *McDonnell Douglas* framework plausible. *See Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination.").

Here, Caviness has not pled sufficient facts in support of his claim. The Amended Complaint states only that Caviness is a black man over the age of forty, that he experienced a reduction in hours from January 2013 to July 2013, and that the reduction in hours was the "result of direct discrimination against [him] as a result of a status of an African American over the age of 40." (Am. Compl. ¶ 5)  These allegations may establish that Caviness is a member of a protected class and that he suffered

5

an adverse employment action, but they do not provide a plausible basis for inferring that his reduced hours were the result of age or race discrimination.

In his opposition papers, Caviness asks the Court to accept his statement as to the cause of his reduction in hours as a fact.  But Caviness cannot merely state that his hours were reduced due to his age and race.  That is exactly the type of conclusory assertion cast as factual allegation that the Court is not required to accept.[2]  While Caviness need not prove the elements of a *prima facie* employment discrimination claim in his pleadings, he must provide actual factual allegations from which the Court could draw a reasonable inference that Aramark engaged in discrimination.  Caviness's age and race, along with the fact Aramark reduced his hours, do not alone support that inference.  The Amended Complaint therefore fails to state a plausible claim for relief and must be dismissed.

Aramark requests that the Court dismiss Caviness's Amended Complaint with prejudice.  While the Court recognizes that Caviness failed to allege any additional facts in his Amended Complaint, the Court will allow Caviness 30 days to submit a

---

[2] Caviness's addition of the reference to the NJLAD in his Amended Complaint did not make his claim more plausible.  If anything, the citation underscores that his "allegation" regarding the cause of his reduction in hours is, in fact, a legal conclusion.

motion for leave to file a second amended complaint that meets the pleading requirements described above.

### IV.

For the reasons set forth above, the Court will **GRANT** Defendant Aramark's motion and dismiss Plaintiff's Amended Complaint.  An appropriate order accompanies this opinion.

Date: April 15, 2015

s/ Joseph E. Irenas

**Joseph E. Irenas, S.U.S.D.J.**
